UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
AUG 27 2026
FILED
DOCKETED
DATE INITIAL

ELIZABETH CARTER,
Appellant, Pro Se,
v. Case No. 26-5309
UNITED STATES OF AMERICA,
Appellee.

## APPELLANT'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Appellant Elizabeth Carter respectfully moves this Court to appoint pro bono counsel pursuant to the Ninth Circuit's Pro Bono Program.

### 1. Appeal Is Filed

Appellant filed her Notice of Appeal on August 14, 2026, from the district court's August 11, 2026 dismissal of her federal tax refund complaint. Appellant has applied to proceed in forma pauperis before this Court. That application is currently pending.

### 2. The Case Raises Novel Legal Questions

This appeal raises at least four substantial legal questions:

First — whether the district court applied the correct legal standard for the informal claim doctrine under United States v. Kales, 314 U.S. 186 (1941), by asking what Appellant subjectively knew rather than what a reasonable IRS examiner would objectively understand from her filing.

Second — whether the district court correctly analyzed Appellant's informal claim as arising from her 2021 return alone rather than from the combination of her 2021 return and her 2018 amended return together under the relation-back doctrine.

Third — whether 26 U.S.C. § 6511(d)(2)(B)(i) — the congressional super-override provision — independently preserves Appellant's claim, a provision the district court dismissed in one sentence without analysis.

Fourth — whether 26 U.S.C. § 7508A(d), as interpreted in Kwong v. United States, 179 Fed. Cl. 382 (2025), currently on appeal to the Federal Circuit (No. 2026-1843), tolled or postponed Appellant's limitations period during the COVID-19 disaster declaration from January 20, 2020 through July 10, 2023. Under tolling, Appellant's formal amended return filed February 7, 2024 would be timely — eliminating the informal claim question entirely. This argument is newly available based on Kwong and BMW US Holdings Corp. v. United

States, No. 25-1984T (Fed. Cl. Aug. 5, 2026), decided six days before the district court's ruling.

**3. The Case Is Complex**

The underlying tax claim involves a CARES Act net operating loss carryback arising from a short-term rental property and a professional cost segregation study. The complexity of the cascading tax errors spanning multiple years — and the retroactive creation of carryback rights under the CARES Act in 2020 — places this case in an unusually sophisticated category of federal tax litigation. The § 7508A question is currently being litigated simultaneously in multiple proceedings including Wepplo v. Commissioner (Tax Court), Kwong v. United States (Federal Circuit No. 2026-1843), and BMW US Holdings Corp. v. United States (Court of Federal Claims).

**4. Appellant Cannot Afford Counsel**

Appellant is a pro se single mother. As detailed in her IFP application on file with this Court, Appellant's monthly expenses exceed her monthly income by approximately $3,273. Her 2025 federal tax return shows negative adjusted gross income of ($6,576). Two federal tax liens totaling approximately $40,331 are attached to her primary residence. Appellant receives means-tested federal assistance and has been supplementing income shortfalls with a personal line of credit due to negative net income from business startup operations.

**5. The Case Has Attracted Professional Attention**

This case is being covered by Tax Analysts (Tax Notes Federal, Aug. 17, 2026, p. 1348), a leading publication serving the federal tax law community. The article independently identified the § 7508A question and connected this case to the Kwong family of litigation. The legal questions raised have been noted as significant by practitioners active in this area of law.

For these reasons, Appellant respectfully requests appointment of pro bono counsel.

Respectfully submitted,

Elizabeth Carter
Appellant, Pro Se
3808 Mountain View Dr
Boise, Idaho 83704

Date: 8/21/26